## OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1865.

CASE 1—PETITION EQUITY—DECEMBER 8.

## Fritz vs. Tudor.

#### APPEAL FROM MADISON CIRCUIT COURT.

1. A petition for dower alleging *legal* seizin in the husband of plaintiff, a sale by him to defendant, without the plaintiff's concurrence, concluding with the allegation that she "is *entitled* to the use, for life, of one third of each of said tracts of land as her dower therein," is sufficient, if not controverted, to show the plaintiff's right to dower, although she does not expressly allege that she was the vendor's wife at the time of the sale.

2. A simple allegation of title, untraversed by answer, may be considered an admitted fact, even though it is a fact blended with, and moulded by, the law. (9 *Barb.*, 219.)

S. TURNER, for appellant, cited *Park on Dower*, *pp.* 24, 31, 165; 7 *Dana*, 172.

R. R. HARRIS, and BURNAM & CAPERTON, for appellee, cited *Civil Code, section* 125; 9 *Barb.*, 219.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

*Elizabeth Tudor* filed her petition for an allotment of dower in two small tracts of land sold by her deceased husband to *Emanuel Fritz*, whom she made defendant. Fritz failing to answer, dower was adjudged to the petitioner, and commissioners were appointed to allot it.

Whether the admitted allegations of the petition are sufficient to show that the appellee has a right to dower, is the only question.

The petition alleges *legal* seizin in the husband and a *sale* by him to the appellant, without the appellee's concurrence, but does not expressly show that she was *then* the vendor's wife; it concludes, however, with the allegation that she "is *entitled* to the use, for life, of one third of each of said tracts of land as her dower therein."

Legal seizin in the husband, during coverture, is sufficient to entitle his surviving wife to dower. And, without the quoted allegation of title to dower, the appellee's right is not at all inconsistent with the other allegations, but is rather inferable from them, and, especially, from the allegation that she had never parted with "*her interest*" in the land, which implies that, when the appellant bought, she had a dower interest, and was, consequently, *then* the vendor's wife. We would incline to the conclusion that, even without the general allegation of title, the tacit admission of the right to dower might sustain the judgment.

But, as adjudged in New York, in Corwin vs. Corwin (9*th Barbor*, 219), under a code just like ours in this particular, a simple allegation of title, untraversed by the answer, may be considered an admitted fact, even though it is a fact blended with, and moulded by, the law.

According to the common law, the failure, in an answer, to deny any one material allegation, was not treated as an admission of its truth, unless the alleged fact was either charged or presumed to be within the respondent's knowledge. The object of the 53d section of our Code of Practice, taken from the New York code, was only to change the law in that particular and make such pretermission a confession, just as a

failure to file any answer to the petition would be at common law.

And, therefore, we are of the opinion that the appellant's default was an implied admission of the appellee's title to dower as prayed for and adjudged.

Wherefore, the judgment is affirmed.